UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ROBBINS SERVICE GROUP, LLC, | )    CASE NO.: 23-40082 |
| | )    CHAPTER 7 |
| DEBTOR(S) | ) |

**_EX PARTE_ MOTION SOLELY FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

**NOW COMES** Heather W. Culp, Chapter 7 Trustee ("Trustee"), by and through the undersigned special counsel, and pursuant to Fed. R. Bankr. P. 2004, hereby requests entry of an Order allowing the Trustee to subpoena certain documents, materials, and items of Global Merchant Cash, Inc. ("Respondent"). In support hereof, the Trustee shows unto the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Robbins Service Group, LLC ("Debtor") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on May 15, 2023 (the "Petition Date"), Case No. 23-40082 (the "Bankruptcy Case"). On October 26, 2023, this case was converted to one under Chapter 7 of the Bankruptcy Code. Heather W. Culp serves as the duly appointed Chapter 7 Trustee for this bankruptcy estate.

3. On November 30, 2023, the undersigned was employed by the Trustee as special counsel to help investigate, and if necessary, prosecute any claims arising from Merchant Cash Advance ("MCA") agreements.

4. In the twelve (12) months prior to the Petition Date, the Debtor paid Respondent more than $278,000.00 on account of an agreement that appears to be usurious under New York law which governs the agreement.

5. Upon information and belief, Respondent has materials, documents, and items that relate to the financial condition of the Debtor and to the administration of the Estate.

6. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides as follows:

   a. *Examination on Motion.* On motion of any party in interest, the court may order the examination

   b. *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formation of a plan.

   c. *Compelling Attendance and Production of Documents.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

   Fed. R. Bankr. P. 2004

7. Under the Local Rules for the United States Bankruptcy Court for the Western District of North Carolina, a motion for authorization of an examination under this rule shall be reviewed by the court and allowed *ex parte*. W.D.N.C. L.B.R. 2004-1.

8. The documents, materials, and items that will be sought by the Trustee via subpoena relate to the financial condition of the Debtor and to the administration of the Estate. Accordingly, and based on the foregoing, the Trustee respectfully moves this Court for an order allowing her to examine Respondent via document subpoena. The document subpoena issued pursuant to this Motion will allow at least 21 days for production.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing her to examine Global Merchant Cash, Inc. via document subpoena; and, for such other and further relief the Court deems just and proper.

Respectfully submitted this, the 22nd day of December, 2023.

RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Special Counsel
N.C. State Bar No. 37614
7036 Wrightsville Avenue, Ste. 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com

CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that he is over eighteen (18) years of age and that the:

***EX PARTE* MOTION SOLELY FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Was served upon the below named parties, through CM/ECF (where indicated), via electronic mail (where indicated), by mailing postage prepaid, first class mail to the address(es) shown below (where indicated), or by certified mail, return receipt requested to the address show below:

<u>Via CM/ECF</u>
Bankruptcy Administrator

Ashley Oldfield
Matthew L. Tomsic
Rayburn Cooper & Durham, P.A.
Attorneys for Robbins Service Group, LLC

Heather W. Culp
Chapter 7 Trustee

<u>Via First Class Mail; Postage Prepaid</u>
Global Merchant Cash, Inc.
Attn: Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114−3900

<u>Via First Class Mail; Postage Prepaid</u>
Robbins Service Group, LLC
Attn: Managing Officer/Agent
8226 Village Harbor Drive
Cornelius, NC 28031
Debtor

Dated: December 22, 2023    RICHARD P. COOK, PLLC

/s/ Richard P. Cook
7036 Wrightsville Avenue, Ste. 101
Wilmington, NC 28403
(910) 399-3458