**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 23-40082 |
| **ROBBINS SERVICE GROUP, LLC** | ) |
| **d/b/a WHISPERING PINES** | ) CHAPTER 7 |
| **LANDSCAPING,** | ) |
|     Debtor, | ) |

## **OBJECTION OF EBF HOLDINGS, LLC TO TRUSTEE'S SUBPOENA**

Comes now EBF HOLDINGS, LLC d/b/a EVEREST BUSINESS FUNDING ("EBF"), pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure made applicable by Bankruptcy Rule 9016, and states as follows its objections to *Heather W. Culp, Chapter 7 Trustee's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* ("Subpoena"), a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference:

1. The subpoena was not properly served on EBF, pursuant to the method prescribed in Rule 45(b) of the Federal Rules of Civil Procedure.

2. The subpoena requires compliance beyond the geographical limits specified in Rule 45(c). Specifically, the subpoena requires production in Wilmington, North Carolina. However, the place of compliance under Rule 45(c)(2) must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." EBF does not "reside . . . or regularly transact[] business in person" within 100 miles of Wilmington, North Carolina.

3. The subpoena fails to allow a reasonable time for compliance and will cause EBF to incur undue expense.

4. The Trustee has failed to take reasonable steps to avoid imposing an undue burden or expense upon EBF as required by Rule 45(d)(1).

5. The document request is vague, overly broad, and unduly burdensome, as it seeks "all documents, records and data" regarding Debtor over a period of more than three years.

6. Given the overbreadth of the request, it also calls for privileged information (including, but not limited to, information covered by the attorney-client privilege) and commercially sensitive and proprietary information.

1

For the foregoing reasons, EBF objects to the Subpoena, prays that it be quashed, and that EBF be awarded its costs and expenses, including its attorney's fees, associated with having to object to the subpoena, and for such other and further relief as the Court deems appropriate.

Date:   January 19, 2024

/s/   Byron L. Saintsing
Byron L. Saintsing, NC Bar No. 16035
Smith Debnam Narron Drake
Saintsing & Myers, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
bsaintsing@smithdebnamlaw.com
Attorneys for EBF Holdings, LLC d/b/a Everest Business Funding

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 23-40082 |
| **ROBBINS SERVICE GROUP, LLC** | ) |
| **d/b/a WHISPERING PINES** | ) CHAPTER 7 |
| **LANDSCAPING,** | ) |
| Debtor, | ) |

I, Byron L. Saintsing of Smith Debnam Narron Drake Saintsing & Myers, LLP, hereby certify:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing **OBJECTION OF EBF HOLDINGS, LLC TO TRUSTEE'S SUBPOENA** upon the following by CM/ECF or by mailing a copy thereof, postage prepaid:

VIA REGULAR U.S. MAIL
Robbins Service Group, LLC
d/b/a Whispering Pines Landscaping
8226 Village Harbor Drive
Cornelius, NC 28031

VIA CM/ECF
Ashley Oldfield, Esq.
Michael L. Tomsic, Esq.
Rayburn Cooper Durham, PA
*Attorneys for Debtor*

VIA CM/ECF
Heather Culp, Trustee
Essex Richards, PA

VIA CM/ECF
Richard P. Cook
Richard P. Cook, PLLC
*Attorneys for Trustee*

VIA CM/ECF
U.S. Bankruptcy Administrator Office

I certify under penalty of perjury that the foregoing is true and correct.

Date:   January 19, 2024

/s/    Byron L. Saintsing
Byron L. Saintsing, NC Bar No. 16035
Smith Debnam Narron Drake
Saintsing & Myers, LLP
PO Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Attorneys for EBF Holdings, LLC d/b/a Everest Business Funding

3

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Western_____ District of _____North Carolina_____

In re __Robbins Service Group, LLC__
_____Debtor_____

*(Complete if issued in an adversary proceeding)*

Case No. __23-40082__

Chapter __7__

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **EBF Holdings, LLC d/b/a Everest Business Funding; Attn: Michael W. Davis | DTO Law
601 S. Figueroa Street, Suite 2130, Los Angeles, CA 90017**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **All documents, records and data (whether printed or electronically stored) regarding Robbins Service Group, LLC for the period starting January 1, 2021 through the present.**

| PLACE Via: Richard@capefeardebtrelief.com or U.S. Mail: Richard Cook, 7036 Wrightsville Ave, Suite 101, Wilmington, NC 28403 | DATE AND TIME February 2, 2024 at 1:30 P.M. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/3/24

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_/s/ RPC_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Heather W. Culp, Ch. 7 Trustee__, who issues or requests this subpoena, are: Richard P. Cook, Special Counsel to Trustee, 7036 Wrightsville Ave., Suite 101, Wilmington, NC 28403, richard@capefeardebtrelief.com, (910) 399-3458

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: <u>EBF Holdings, LLC d/b/a Everest Business Funding; Attn: Michael W. Davis | DTO Law, 601 S. Figueroa Street, Suite 2130, Los Angeles, CA 90017</u>

_____ on *(date)* <u>January 3, 2024</u> ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>January 3, 2024</u>

*RPC*
_____
*Server's signature*

<u>Richard P. Cook, Special Counsel to Ch. 7 Trustee</u>
*Printed name and title*

Richard P. Cook, PLLC
7036 Wrightsville Ave, Suite 101
<u>Wilmington, NC 28403</u>
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2024, I electronically filed the foregoing **NOTICE OF SERVICE OF SUBPOENA (EBF HOLDINGS, LLC D/B/A EVEREST BUSINESS FUNDING)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

Shelley K. Abel, U.S. Bankruptcy Administrator

      I further certify that the foregoing was this day served on the following parties listed below by mailing a copy of the same in an envelope addressed to each party with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service:

EBF Holdings, LLC d/b/a Everest Business Funding
Attn: Michael W. Davis | DTO Law
601 S. Figueroa Street, Suite 2130
Los Angeles, CA 90017

      /s/ Richard P. Cook
Richard P. Cook
Richard P. Cook, PLLC
7036 Wrightsville Avenue, Ste. 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com