UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 23-40082 |
| | ) | |
| ROBBINS SERVICE GROUP, LLC, | ) | Chapter 7 |
| | ) | |
| _____ Debtor. _____ | ) | |

## NOTICE OF SERVICE OF SUBPOENAS

**(Andrew James Berry; First Citizens Bank; Amazon.com Services, Inc.; Intuit, Inc.; Erie Insurance Company; Wolters Kluwer Financial Services, Inc.; FT Williams Company, Incorporated; Aquesta Bank; Google, LLC; REH CPA, PLLC; Victoria Rene Bolick; Corporate Payroll Services, Inc.)**

**PLEASE TAKE NOTICE** that on July _18_, 2024, William B. Lilly, Jr., Chapter 7 Trustee in the above-captioned action, intends to serve a *Subpoena* on the following party:

Andrew James Berry
2690 Encino Dr.
Florence, SC 29505

First Citizens Bank
Attn: Any Officer, Director or Managing
Agent
128 S. Tryon Street
Charlotte, NC 28202

Amazon.com Services, Inc.
Attn: Any Officer, Director or Managing
Agent
410 Terry Avenue, North
Seattle, WA 98109

Intuit, Inc.
c/o Corporation Service Company, Reg.
Agent
2626 Glenwood Avenue, Ste. 550
Raleigh, NC 27608

Erie Insurance Company
Attn: Any Officer, Director or Managing
Agent
10715 David Taylor Dr., #500
Charlotte, NC 28262

Wolters Kluwer Financial Services, Inc.
c/o CT Corporation System, Reg. Agent
160 Mine Lake Ct., Ste. 200
Raleigh, NC 27615-6417

F.T. Williams Company, Incorporated
c/o Gary Williams, Jr., Reg. Agent
9500 Statesville Road
Charlotte, NC 28269

Aquesta Bank
c/o United Community Bank, By Successor
In Merger
Attn: Any Officer, Director or Managing
Agent
200 East Camperdown Way
Greenville, SC 29601

Google, LLC
c/o Corporation Service Company, Reg.
Agent
2626 Glenwood Ave., Ste. 550
Raleigh, NC 27608

REH CPA, PLLC
c/o Raymond E. Halstead, Reg. Agent
233 Williamson Rd., Ste. 204
Mooresville, NC 28117

Victoria Rene Bolick
321 Commodore Loop
Mooresville, NC 28117

Corporate Payroll Services, Inc.
Attn: Any Officer, Director or Managing
Agent
3444 Memorial Highway
Tampa, FL 33607

A copy of the Subpoena is attached as Exhibit A.

July 18, 2024.

**ESSEX RICHARDS, P.A.**

/s/ John C. Woodman
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Trustee*

# **<u>EXHIBIT A</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 23-40082 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Andrew James Berry, 2690 Encino Drive, Florence, SC 29505
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Andrew James Berry,
_____ 2690 Encino Drive, South Carolina  29505 _____

_____ on *(date)* 7/18/2024 ____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Andrew James Berry shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

I. "You" or "Your" shall refer to Andrew James Berry as well as any predecessor.

II. "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

III. "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

IV. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

IV.    "Insiders" shall refer to Roberta and Michael Robbins.

VII.    "Communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

## DOCUMENTS REQUESTED

1.  Any and all Documents furnished by the Debtor.

2.  Any and all Documents related to the Debtor.

3.  Any and all Documents related to the Affiliates.

4.  Any and all Documents related to the Insiders.

5.  Any and all Communications related to the Debtor.

6.  Any and all Communications related to the Affiliates.

7.  Any and all Communications related to the Insiders.

8.  A copy of your audit and due diligence file in determining what ERC amount you claimed for the Debtor.

9.  A copy of your audit and due diligence file in determining what ERC amount, if any, you claimed for the Affiliates.

10. A copy of any Documents showing what you received as compensation from the Debtor or for the services you provided.

11. Any and all Communication between You and the Debtor or its representatives.

12. Any and all Communication between You and the Affiliates or its representatives.

13. Any and all Communication between You and the Insiders or its representatives.

14. Any and all Communication between AJB10, LLC and the Debtor or its representatives.

15. Any and all Communication between AJB10, LLC and the Affiliates or its representatives.

16. Any and all Communication between AJB10, LLC and the Insiders or its representatives.

17. Any and all Communication received by You regarding the Debtor.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Western__        District of __North Carolina__

In re __ROBBINS SERVICE GROUP, LLC__
                  Debtor

*(Complete if issued in an adversary proceeding)*

_____
                  Plaintiff
                     v.
_____
                  Defendant

Case No. __23-40082__

Chapter __7__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: First Citizens Bank, Attn: Any Officer, Director or Managing Agent, 128 S. Tryon Street, Charlotte, NC 28202
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August _5_, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

                CLERK OF COURT

                                    OR

_____            _____
*Signature of Clerk or Deputy Clerk*              John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: First Citizens Bank, Attn: Any
Officer, Director or Managing Agent, 128 S. Tryon St., Charlotte, NC  28202
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024 _____

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, First Citizens Bank shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

I.      "You" or "Your" shall refer to First Citizens Bank as well as any predecessor.

II.     "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

III.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

IV.     "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

V.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any

copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.    "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.    Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.    A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.    All general ledgers including payments, payment history, credits, and offsets received by You.

V.    All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.    Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

VIII.    All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

    a.    Monthly and, if applicable, other periodic account statements;

    b.    Signature cards;

    c.    Credit reports and internal memoranda that refer or relate to the Bank Accounts;

     d.     Personal financial statements;

     e.     Corporate authorization minutes or resolutions;

     f.     Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

     g.     The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

IX.     All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

     a.     Monthly and, if applicable, other periodic account statements;

     b.     Signature cards;

     c.     Credit reports and internal memoranda that refer or relate to the Bank Accounts;

     d.     Personal financial statements;

     e.     Corporate authorization minutes or resolutions;

     f.     Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

     g.     The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 23-40082

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Amazon.com Services, Inc., Attn: Any Officer, Director or Managing Agent, 410 Terry Avenue, North Seattle, WA  98109

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                    John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is:  Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Amazon.com Services, Inc., Attn:
Any Officer, Director or Managing Agent, 410 Terry Avenue, North, Seattle, WA 98109
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  Amazon.com Services, Inc. shall deliver to Essex Richards, P.A.,

1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

VI.    "You" or "Your" shall refer to Amazon.com Services, Inc. as well as any predecessor.

VII.    "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line,

certificate of deposit, money market or other type of bank account or product in the name of the

Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

VIII.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear

Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

IX.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-

40082.

X.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead

as example, this means all written or drafted matter of every kind and description, however

produced or reproduced, however described, whether related to fact, opinion, event, recollection,

or intention, whether in draft or final form, original or reproduction, or recorded or stored on

computer diskettes or hard drives, including any papers, writings, mechanical or electronic

recordings or records, contracts, agreements, understandings, applications, financial statements,

pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice

communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs,

films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings,

specifications, data, reports, printed matters, publications, books, news releases, advertisements,

bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals,

statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located,

whether an original or a copy. Any copy contained thereon or attached thereto, any alterations,

notes, comments, or other material not included in the originals or copies referred to in the

preceding sentence, shall be deemed a separate document within the foregoing definition.

Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically

includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the

Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and

efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements

and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by

You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

X.      All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through

the present including, but not limited to, the following:

a.     Monthly and, if applicable, other periodic account statements;

b.     Signature cards;

c.     Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.     Personal financial statements;

e.     Corporate authorization minutes or resolutions;

f.     Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.     The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

XI.     All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1, 2020 through the present including, but not limited to, the following:

a.     Monthly and, if applicable, other periodic account statements;

b.     Signature cards;

c.     Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.     Personal financial statements;

e.     Corporate authorization minutes or resolutions;

f.     Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.     The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of __North Carolina__

In re __ROBBINS SERVICE GROUP, LLC__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __23-40082__

Chapter __7__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Intuit, Inc., c/o Corporation Service Company, Reg. Agent, 2626 Glenwood Avenue, Ste. 550, __Raleigh, NC  27608__
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August __5__, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/18/2024__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*John C. Woodman, Attorney for Trustee*

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Intuit, Inc., c/o Corporation Service
Company, Reg. Agent, 2626 Glenwood Avenue, Ste. 550, Raleigh, NC 27608
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  Intuit, Inc. shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XI.    "You" or "Your" shall refer to Intuit, Inc.as well as any predecessor.

XII.    "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XIII.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XIV.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

XV.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## **DOCUMENTS REQUESTED**

I.     Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.     Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by You.

V.     All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.     Any and all Documents related to the Debtor.

XII.     All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

a.       Monthly and, if applicable, other periodic account statements;

b.       Signature cards;

c.       Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.       Personal financial statements;

e.       Corporate authorization minutes or resolutions;

f.       Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.       The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

XIII.   All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1, 2020 through the present including, but not limited to, the following:

a.       Monthly and, if applicable, other periodic account statements;

b.       Signature cards;

c.       Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.       Personal financial statements;

e.       Corporate authorization minutes or resolutions;

f.       Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.       The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 23-40082 _____

Chapter 7 _____

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Erie Insurance Company, Attn: Any Officer, Director or Managing Agent, 10715 David Taylor Dr., #500 Charlotte, NC 28262
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____        _____
Signature of Clerk or Deputy Clerk        John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is:  Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Erie Insurance  Company, Attn:
Any Officer, Director or Managing Agent, 10715 David Taylor Dr., #500, Charlotte, NC 28262
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Erie Insurance Company shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XVI.    "You" or "Your" shall refer to Erie Insurance Company as well as any predecessor.

XVII.   "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XVIII.  "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XIX.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

XX.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located,

whether an original or a copy. Any copy contained thereon or attached thereto, any alterations,

notes, comments, or other material not included in the originals or copies referred to in the

preceding sentence, shall be deemed a separate document within the foregoing definition.

Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically

includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the

Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and

efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements

and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by

You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

XIV.    All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through

the present including, but not limited to, the following:

a.       Monthly and, if applicable, other periodic account statements;

b.       Signature cards;

c.       Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

d.       Personal financial statements;

e.       Corporate authorization minutes or resolutions;

f.       Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

g.       The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XV.    All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

a.       Monthly and, if applicable, other periodic account statements;

b.       Signature cards;

c.       Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

d.       Personal financial statements;

e.       Corporate authorization minutes or resolutions;

f.       Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

g.       The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 23-40082 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Wolters Kluwer Financial Services, Inc., c/o CT Corporation System, Reg. Agent, 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615-6417
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

_____         OR        _____
Signature of Clerk or Deputy Clerk                    *John C. Woodman, Attorney for Trustee*

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Wolters Kluwer Financial Services, Inc., c/o CT Corporation System, Reg. Agent, 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615-6417
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024 _____

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Wolters Kluwer Financial Services, Inc. shall deliver to Essex

Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XXI.   "You" or "Your" shall refer to Wolters Kluwer Financial Services, Inc.as well as any

predecessor.

XXII.   "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line,

certificate of deposit, money market or other type of bank account or product in the name of the

Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XXIII.   "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear

Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XXIV.   "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-

40082.

XXV.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead

as example, this means all written or drafted matter of every kind and description, however

produced or reproduced, however described, whether related to fact, opinion, event, recollection,

or intention, whether in draft or final form, original or reproduction, or recorded or stored on

computer diskettes or hard drives, including any papers, writings, mechanical or electronic

recordings or records, contracts, agreements, understandings, applications, financial statements,

pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice

communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs,

films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings,

specifications, data, reports, printed matters, publications, books, news releases, advertisements,

bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals,

statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.     Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.     Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by You.

V.     All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.     Any and all Documents related to the Debtor.

XVI.    All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through

the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank
             Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XVII.    All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank
             Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____   District of   North Carolina _____

In re ROBBINS SERVICE GROUP, LLC _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff
v.

_____
Defendant

Case No. 23-40082 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: F.T. Williams Company, Incorporated, c/o Gary Williams, Jr., Reg. Agent, 9500 Statesville Road, Charlotte, NC 28269
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: F.T. Williams Company, Incorporated
c/o Gary William, Reg. Agent, 9500 Statesville Road, Charlotte, NC 28269
_____ on *(date)* 7/18/2024_____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024_____

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

...

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  FT Williams Company, Incorporated shall deliver to Essex

Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XXVI. "You" or "Your" shall refer to FT Williams Company, Incorporated as well as any

predecessor.

XXVII. "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line,

certificate of deposit, money market or other type of bank account or product in the name of the

Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XXVIII.      "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ

Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XXIX.  "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-

40082.

XXX.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead

as example, this means all written or drafted matter of every kind and description, however

produced or reproduced, however described, whether related to fact, opinion, event, recollection,

or intention, whether in draft or final form, original or reproduction, or recorded or stored on

computer diskettes or hard drives, including any papers, writings, mechanical or electronic

recordings or records, contracts, agreements, understandings, applications, financial statements,

pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice

communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs,

films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings,

specifications, data, reports, printed matters, publications, books, news releases, advertisements,

bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals,

statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.    "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.    Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.    A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.    All general ledgers including payments, payment history, credits, and offsets received by You.

V.    All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.    Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

XVIII.  All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through

the present including, but not limited to, the following:

    a.      Monthly and, if applicable, other periodic account statements;

    b.      Signature cards;

    c.      Credit reports and internal memoranda that refer or relate to the Bank
           Accounts;

    d.      Personal financial statements;

    e.      Corporate authorization minutes or resolutions;

    f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XIX.  All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

    a.      Monthly and, if applicable, other periodic account statements;

    b.      Signature cards;

    c.      Credit reports and internal memoranda that refer or relate to the Bank
           Accounts;

    d.      Personal financial statements;

    e.      Corporate authorization minutes or resolutions;

    f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western                  District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
                Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
                Plaintiff
                v.
_____
                Defendant

Case No. 23-40082

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Aquesta Bank, c/o United Community Bank, By Successor In Merger, Attn: Any Officer, Director or Managing Agent, 200 East Camperdown Way, Greenville, SC 29601
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5 , 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

                    OR

_____          _____
Signature of Clerk or Deputy Clerk        John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: <u>Aquesta Bank, c/o United Community</u> <u>Bank, By Successor In Merger, Attn: Any Officer, Director or Managing Agent, 200 East Camperdown</u> <u>Way, Greenville, SC 29601</u> on *(date)* <u>7/18/2024</u> ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: <u>7/18/2024</u>

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense: Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Aquesta Bank shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XXXI. "You" or "Your" shall refer to Aquesta Bank as well as any predecessor.

XXXII. "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XXXIII.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XXXIV.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

XXXV. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## <u>DOCUMENTS REQUESTED</u>

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

XX.     All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

a.      Monthly and, if applicable, other periodic account statements;

b.      Signature cards;

c.      Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

d.      Personal financial statements;

e.      Corporate authorization minutes or resolutions;

f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XXI.   All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

a.      Monthly and, if applicable, other periodic account statements;

b.      Signature cards;

c.      Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

d.      Personal financial statements;

e.      Corporate authorization minutes or resolutions;

f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina _____

In re ROBBINS SERVICE GROUP, LLC _____
_____ Debtor

*(Complete if issued in an adversary proceeding)*

_____
_____ Plaintiff
v.
_____
_____ Defendant

Case No. 23-40082 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Google, LLC, c/o Corporation Service Company, Reg. Agent, 2626 Glenwood Ave., Ste. 550
Raleigh, NC 27608 _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE   Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024 _____

CLERK OF COURT

OR

_____                     _____
*Signature of Clerk or Deputy Clerk*        *John C. Woodman, Attorney for Trustee*

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is:  Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Google, LLC, c/o Corporation Service Company, Reg. Agent, 2626 Glenwood Ave., Ste. 550, Raleigh, NC 27608

_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  Google, LLC shall deliver to Essex Richards, P.A., 1701 South

Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XXXVI.        "You" or "Your" shall refer to Google, LLC as well as any predecessor.

XXXVII.        "Bank Accounts" refers to all open and closed checking, savings, credit card,

equity line, certificate of deposit, money market or other type of bank account or product in the

name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined

below).

XXXVIII.        "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ

Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XXXIX.        "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No.

23-40082.

XL.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead

as example, this means all written or drafted matter of every kind and description, however

produced or reproduced, however described, whether related to fact, opinion, event, recollection,

or intention, whether in draft or final form, original or reproduction, or recorded or stored on

computer diskettes or hard drives, including any papers, writings, mechanical or electronic

recordings or records, contracts, agreements, understandings, applications, financial statements,

pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice

communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs,

films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings,

specifications, data, reports, printed matters, publications, books, news releases, advertisements,

bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals,

statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.      "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.      A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.      Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.      All general ledgers including payments, payment history, credits, and offsets received by You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.      Any and all correspondence directed to Debtor or its representatives.

VII.      Any and all Documents related to the Debtor.

XXII.   All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through

the present including, but not limited to, the following:

    a.      Monthly and, if applicable, other periodic account statements;

    b.      Signature cards;

    c.      Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

    d.      Personal financial statements;

    e.      Corporate authorization minutes or resolutions;

    f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XXIII.   All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

    a.      Monthly and, if applicable, other periodic account statements;

    b.      Signature cards;

    c.      Credit reports and internal memoranda that refer or relate to the Bank
Accounts;

    d.      Personal financial statements;

    e.      Corporate authorization minutes or resolutions;

    f.      Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.      The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

Case No. 23-40082

*(Complete if issued in an adversary proceeding)*

Chapter 7

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: REH CPA, PLLC, c/o Raymond E. Halstead, Reg. Agent, 233 Williamson Rd., Ste. 204, Mooresville, NC 28117
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is:  Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: REH CPA, PLLC, c/o Raymond E. Halstead, Reg. Agent, 233 Williamson Rd., Ste. 204, Mooresville, NC 28117
_____ on *(date)*  7/18/2024 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  REH CPA, PLLC shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XLI.    "You" or "Your" shall refer to REH CPA, PLLC as well as any predecessor.

XLII.    "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XLIII.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XLIV.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

XLV.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

XXIV.   All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

XXV.   All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1, 2020 through the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 23-40082 _____

Chapter 7 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Victoria Rene Bolick, 321 Commodore Loop, Mooresville, NC 28117
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____         _____
Signature of Clerk or Deputy Clerk          John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is:  Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Victoria Rene Bolick, 321 Commodore
Loop, Mooresville, NC 28117 _____
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Victoria Rene Bolick shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

XLVI. "You" or "Your" shall refer to Victoria Rene Bolick as well as any predecessor.

XLVII. "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

XLVIII.        "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

XLIX. "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

L.        "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

VI.     "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

I.      Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.     A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.     All general ledgers including payments, payment history, credits, and offsets received by You.

V.      All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.     Any and all correspondence directed to Debtor or its representatives.

VII.    Any and all Documents related to the Debtor.

XXVI.   All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

a.      Monthly and, if applicable, other periodic account statements;

b.      Signature cards;

c.      Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.      Personal financial statements;

e.      Corporate authorization minutes or resolutions;

f.      Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.      The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

XXVII. All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1, 2020 through the present including, but not limited to, the following:

a.      Monthly and, if applicable, other periodic account statements;

b.      Signature cards;

c.      Credit reports and internal memoranda that refer or relate to the Bank Accounts;

d.      Personal financial statements;

e.      Corporate authorization minutes or resolutions;

f.      Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

g.      The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 23-40082

Chapter 7

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Corporate Payroll Services, Inc., Attn: Any Officer, Director or Managing Agent, 3444 Memorial Hwy. Tampa, FL 33607
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Corporate Payroll Services, Inc.,
Attn: Any Officer, Director or Managing Agent, 3444 Memorial Highway, Tampa, FL 33607
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
_____
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024,  Corporate Payroll Services, Inc. shall deliver to Essex Richards,

P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

LI.     "You" or "Your" shall refer to Corporate Payroll Services, Inc. as well as any

predecessor.

LII.    "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line,

certificate of deposit, money market or other type of bank account or product in the name of the

Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

LIII.   "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear

Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

LIV.    "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-

40082.

LV.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of

the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead

as example, this means all written or drafted matter of every kind and description, however

produced or reproduced, however described, whether related to fact, opinion, event, recollection,

or intention, whether in draft or final form, original or reproduction, or recorded or stored on

computer diskettes or hard drives, including any papers, writings, mechanical or electronic

recordings or records, contracts, agreements, understandings, applications, financial statements,

pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice

communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs,

films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings,

specifications, data, reports, printed matters, publications, books, news releases, advertisements,

bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals,

statements, lists, books of account, accounting records, audit reports, studies, working paper, credit

applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located,

whether an original or a copy. Any copy contained thereon or attached thereto, any alterations,

notes, comments, or other material not included in the originals or copies referred to in the

preceding sentence, shall be deemed a separate document within the foregoing definition.

Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically

includes text or images stored in electronic form (e.g., electronic mail).

VI.　　"Insiders" shall refer to Roberta and Michael Robbins.

## **DOCUMENTS REQUESTED**

I.　　Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

II.　　A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

III.　　Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

IV.　　All general ledgers including payments, payment history, credits, and offsets received by You.

V.　　All notices and demands made on the Debtor, its Affiliates or Insiders.

VI.　　Any and all correspondence directed to Debtor or its representatives.

VII.　　Any and all Documents related to the Debtor.

XXVIII.        All Documents related to the Bank Accounts for the Debtor from January 1, 2020

through the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank
        Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

XXIX.  All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1,

2020 through the present including, but not limited to, the following:

    a.        Monthly and, if applicable, other periodic account statements;

    b.        Signature cards;

    c.        Credit reports and internal memoranda that refer or relate to the Bank
        Accounts;

    d.        Personal financial statements;

    e.        Corporate authorization minutes or resolutions;

    f.        Evidence of all transactions to and from the Bank Accounts including, without
limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit
memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals
(including, without limitation, copies of deposited checks and/or cash), account
transaction histories and ATM receipts; and

    g.        The correspondence files, including specifically all correspondence
(including electronic mail) between Michael Robbins and/or officers of the Debtor
and any representatives of the Bank.

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I electronically filed the foregoing **NOTICE OF SERVICE OF SUBPOENAS (Andrew James Berry; First Citizens Bank; Amazon.com Services, Inc.; Intuit, Inc.; Erie Insurance Company; Wolters Kluwer Financial Services, Inc.; FT Williams Company, Incorporated; Aquesta Bank; Google, LLC; REH CPA, PLLC; Victoria Rene Bolick; Corporate Payroll Services, Inc.)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

Shelley K. Abel, U.S. Bankruptcy Administrator
William B. Lilly, Jr., Chapter 7 Trustee

I further certify that the **NOTICE OF SERVICE OF SUBPOENAS (Andrew James Berry; First Citizens Bank; Amazon.com Services, Inc.; Intuit, Inc.; Erie Insurance Company; Wolters Kluwer Financial Services, Inc.; FT Williams Company, Incorporated; Aquesta Bank; Google, LLC; REH CPA, PLLC; Victoria Rene Bolick; Corporate Payroll Services, Inc.)** was served on the parties listed below by mailing a copy of the same in an envelope addressed to each party with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service on July 18, 2024.

William L. Esser IV
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Ste.800
Charlotte, NC 28202

Paul A. Fanning
Ward and Smith, P.A.
P.O. Box 8088
Greenville, NC 27835-8088

**ESSEX RICHARDS, P.A.**

/s/ John C. Woodman
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Trustee*