UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBBINS SERVICE GROUP, LLC, ) | CASE NO.: 23-40082 |
| ) | CHAPTER 7 |
| Debtor ) | |
| ) | |

**LIMITED OBJECTION OF
FIRST-CITIZENS BANK & TRUST COMPANY
TO SUBPOENA**

NOW COMES First-Citizens Bank & Trust Company ("First-Citizens"), by and through its undersigned counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, and objects to the Subpoena served upon it bearing the date of July 18, 2024 ("Subpoena"), a copy of which is attached hereto and included in Docket Entry 310. In support of such objection, First-Citizens respectfully shows unto the Court as follows:

1. The undersigned accepted service of the Subpoena on July 18, 2024.

2. First-Citizens is not a party to the case or any adversary proceeding filed in the case. The Court should therefore consider the burden and expense placed on First-Citizens before compelling production. With regard to entities which are not parties to litigation, discovery should be more limited to protect those non-parties from disclosure of confidential documents. See Collins & Aikman Corp. v. J.P. Stevens & Co., 51 F.R.D. 219, 221 (D.S.C. 1971); United States v. Serta, 29 F.R.D. 136 (N.D.Ill. 1961).

3. First-Citizens does not object to providing loan documents and deposit account records of the Debtor but needs more time to research and produce same. The scope of production should be narrowed so as not to place an undue burden and expense on First-Citizens.

4. The Subpoena asks First-Citizens to conduct a significant amount of research to identify and produce voluminous documentation, including communications between parties who are not identified in the Subpoena. This places and undue burden on First-Citizens. Reasonable and specific search terms should be provided.

5. First-Citizens objects to producing its due diligence file and internal memoranda because they contain underwriting considerations that are confidential or proprietary in nature and likely not relevant to the case. If compelled to produce this documentation, First-Citizens requests the entry of a protective order.

6. The Subpoena also fails to provide a reasonable time for compliance.

7. Subject to and without waiving these objections, in response to the Subpoena, First-Citizens will produce responsive non-proprietary documents when they are available.

WHEREFORE, First-Citizens requests the Court to quash the Subpoena unless reasonable compliance requirements are first implemented to alleviate the undue burden place on First-Citizens with the document production.

This the 5th day of August, 2024.

/s/ *Paul A. Fanning*  
Paul A. Fanning  
N.C. State Bar I.D. No.: 025477  
email: paf@wardandsmith.com  
For the firm of  
Ward and Smith, P.A.  
Post Office Box 8088  
Greenville, NC  27835-8088  
Telephone: 252.215.4000  
Facsimile: 252.215.4077  
Attorneys for First-Citizens Bank & Trust Company

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re **ROBBINS SERVICE GROUP, LLC**
Debtor

Case No. **23-40082**

Chapter **7**

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: First Citizens Bank, Attn: Any Officer, Director or Managing Agent, 128 S. Tryon Street, Charlotte, NC 28202

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*         John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com**.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: First Citizens Bank, Attn: Any Officer, Director or Managing Agent, 128 S. Tryon St., Charlotte, NC  28202
_____ on *(date)* 7/18/2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, First Citizens Bank shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

I. "You" or "Your" shall refer to First Citizens Bank as well as any predecessor.

II. "Bank Accounts" refers to all open and closed checking, savings, credit card, equity line, certificate of deposit, money market or other type of bank account or product in the name of the Debtor (defined below), the Affiliates (defined below), and the Insiders (defined below).

III. "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

IV. "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

V. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any

copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

    VI.    "Insiders" shall refer to Roberta and Michael Robbins.

## DOCUMENTS REQUESTED

    I.    Any and all alleged loan documents and ledgers evidencing money extended by You to the Debtor.

    II.    A copy of your due diligence file in PDF and in its native format evidencing the steps and efforts made by You prior to extending the alleged Loan.

    III.    Any and all loan documents, promissory notes, security instruments, guaranty agreements and agreements with the Debtor, its Affiliates, Insiders or related parties.

    IV.    All general ledgers including payments, payment history, credits, and offsets received by You.

    V.    All notices and demands made on the Debtor, its Affiliates or Insiders.

    VI.    Any and all correspondence directed to Debtor or its representatives.

    VII.    Any and all Documents related to the Debtor.

    VIII.    All Documents related to the Bank Accounts for the Debtor from January 1, 2020 through the present including, but not limited to, the following:

        a.    Monthly and, if applicable, other periodic account statements;

        b.    Signature cards;

        c.    Credit reports and internal memoranda that refer or relate to the Bank Accounts;

   d. Personal financial statements;

   e. Corporate authorization minutes or resolutions;

   f. Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

   g. The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

IX. All Documents related to the Bank Accounts for the Affiliates or Insiders from January 1, 2020 through the present including, but not limited to, the following:

   a. Monthly and, if applicable, other periodic account statements;

   b. Signature cards;

   c. Credit reports and internal memoranda that refer or relate to the Bank Accounts;

   d. Personal financial statements;

   e. Corporate authorization minutes or resolutions;

   f. Evidence of all transactions to and from the Bank Accounts including, without limitation, copies of checks, copies of cancelled checks (both front and back), debit/credit memos, , deposit slips, withdrawal slips, records related to deposits and/or withdrawals (including, without limitation, copies of deposited checks and/or cash), account transaction histories and ATM receipts; and

   g. The correspondence files, including specifically all correspondence (including electronic mail) between Michael Robbins and/or officers of the Debtor and any representatives of the Bank.

# CERTIFICATE OF SERVICE

I certify that the foregoing **LIMITED OBJECTION OF FIRST-CITIZENS BANK & TRUST COMPANY TO SUBPOENA** was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid:

Robbins Service Group, LLC
8226 Village Harbor Drive
Cornelius, NC 28031
*Debtor*

John C. Woodman
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
*Attorney for Chapter 7 Trustee*
*Served via CM/ECF*

William B Lilly, Jr
Chapter 7 Trustee
PO Box 77161
Charlotte, NC 28271
*Served via CM/ECF*

Matthew L. Tomsic
Rayburn Cooper & Durham, P.A.
227 West Trade St.
Suite 1200
Charlotte, NC 28202
*Served via CM/ECF*

This the 5th day of August, 2024.

/s/ Paul A. Fanning
Paul A. Fanning
N.C. State Bar I.D. No.: 025477
email: paf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: 252.215.4000
Facsimile: 252.215.4077
Attorneys for First-Citizens Bank & Trust Company

ND:4880-0456-2389, v. 1

3