IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 23-40082 |
| | ) | |
| ROBBINS SERVICE GROUP, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Trustee, by and through undersigned counsel, has filed a *Motion to Compel* in this proceeding.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before The Honorable Craig Whitley at the United States Bankruptcy Court, Charles Jones Federal Building, Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina on **September 9, 2024** at 9:30 A.M. (EST)

Dated:    Charlotte, North Carolina
          August 20, 2024

**ESSEX RICHARDS, P.A.**

/s/ John C. Woodman
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 23-40082 |
| | ) | |
| ROBBINS SERVICE GROUP, LLC, | ) | Chapter 7 |
| | ) | |
| _____ Debtor(s). | ) | |

## TRUSTEE'S MOTION TO COMPEL RESPONSIVE DOCUMENTS, HOLD PARTY IN CONTEMPT AND FEES AND COSTS

**NOW COMES** the duly-appointed trustee, WILLIAM B. LILLY, JR. (the "Trustee") by and through his undersigned counsel, pursuant to Section 105 of the Bankruptcy Code and Rule 9016 of the Federal Rules of Bankruptcy Procedure, hereby moves for the entry of an order: (a) compelling Andrew Berry and AJB10, LLC (collectively as "Berry Parties") to fully respond to *Subpoena Duces Tecum* served on May 27, 2024 and July 18, 2024 in the above-captioned base case. In support of the Motion, the Trustee shows unto the Court as follows:

1.      On May 15, 2023 (the "Petition Date"), Robbins Service Group, LLC ("the "Debtor") filed a voluntary petition for relief under Chapter 11. The Debtor was a landscaping company, then operating as a debtor-in-possession under 11 U.S.C. § 1184.

2.      On October 23, 2023, United Community Bank ("UCB") filed an *Emergency Motion to Convert, or in the Alternative, Prohibit Debtor's Continued Use of Cash Collateral.* [Doc. 152]. Among other things, UCB asserted that it is the Debtor's primary secured creditor and that the Debtor had deposited and spent hundreds of thousands of dollars in Employee Retention Credit ("ERC") refunds in violation of cash collateral orders [Doc. 45, 70] and without the permission of UCB or the Court. Employee Retention Credits are also called Employee Retention Tax Credits ("ERTC"). The terms Employee Retention Credits, Employee Retention Tax Credits, ERCs, and ERTCs are used interchangeably for purposes of this Motion.

3.      On October 25, 2023, the Court conducted a hearing on UCB's emergency motion and granted it, ordering the case converted to one under Chapter 7. That ruling was memorialized by an Order entered October 26, 2023. [Doc. 166].

4.      The Trustee was subsequently appointed to administer the Debtor's bankruptcy estate as a successor trustee on May 2, 2024 [Doc. 275].

5.      The Berry Parties prepared and furnished the Debtor's ERC request to the Internal Revenue Service.

6.      On May 27, 2024, Trustee served upon AJB10, LLC that certain *Subpoena Duces Tecum* (the "Subpoena 1") seeking documents as it relates to the Debtor's ERC, and all records and data related to the Debtor used in applying for the ERTC.

7.      Trustee filed *Notice of Service of Subpoena* on May 28, 2024 [Doc. No. 285].

8.      On July 18, 2024, Trustee served upon Berry that certain *Subpoena Duces Tecum* (the "Subpoena 2") seeking documents as it relates to the Debtor's ERC, and all records and data related to the Debtor used in applying for the ERTC.

9.      Trustee filed *Notice of Service of Subpoena* on July 18, 2024 [Doc. No. 310].

10.     A true and accurate copy of the Subpoena 1 and Subpoena 2 are attached hereto as Exhibit A, which is incorporated by reference as if fully set forth herein.

11.     The Subpoenas sought responsive documents from the Berry Parties limited in scope to the ERC application, due diligence and work completed by the Berry Parties.

12.     Subpoena 1 had a production date of June 10, 2024 with Subpoena 2 providing a deadline of August 5, 2024.

13.     Notwithstanding the Berry Parties being properly served with the Subpoenas on May 27, 2024 (AJB10, LLC) and July 18, 2024 (Berry), respectively, the Berry Parties have failed

to furnish a single document or communication.  <u>A true and accurate copy of the U.S. Postal</u>
<u>Service green receipt cards are attached hereto respectively as Exhibit B, which is incorporated by</u>
<u>reference as if fully set forth herein.</u>

14.    The Berry Parties did not serve any objection to the Subpoenas pursuant to
Bankruptcy Rule 9016(d)(2) nor have they moved to quash the Subpoenas pursuant to Bankruptcy
Rule 9016(d)(3).

15.    Trustee should not have to continue to expend financial or other resources to obtain
documents and information from the Berry Parties.  The intentional failure of the Berry Parties to
produce the requested and responsive documents clearly prejudices the Trustee's efforts to
administer the estate.

16.    Due to the clear failure of the Berry Parties, the Trustee requests that the Berry
Parties be held in contempt of court pursuant to Rule 9016(g) and section 105 of the Bankruptcy
Code.

17.    In addition to holding the Berry Parties in contempt and to compel the requested
documents, the Trustee seeks his attorney's fees as related to this motion and to the efforts made
necessary by the Berry Parties failure to adequately respond to the Subpoenas.

**WHEREFORE**, Trustee respectfully requests that this Court enter an Order pursuant to
Section 105 of the Bankruptcy Code and Bankruptcy Rule 9016 that:  (a) orders the Berry Parties
to fully respond to the Subpoenas within (10) days from any hearing on this Motion;  (b) hold the
Berry parties in contempt; (c) order the Berry Parties to furnish the reasonable expenses and
attorneys fees;  (d) sets a hearing date for the Berry Parties compliance; and (e)  provides such
other and/or further relief as this Court deems justice requires.

Dated:      Charlotte, North Carolina
            August 20, 2024

**ESSEX RICHARDS, P.A.**

 /s/ John C. Woodman
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 20th day of August, 2024, I electronically filed the attached **Notice of Hearing and Trustee's Motion To Compel Responsive Documents, Hold Party In Contempt And Fees And Costs** was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following parties:

Shelley K. Abel, U.S. Bankruptcy Administrator
William B. Lilly, Jr., Trustee

I further certify that the **Notice of Hearing and Trustee's Motion To Compel Responsive Documents, Hold Party In Contempt And Fees And Costs** was served on the parties listed below by mailing a copy of the same in an envelope addressed to each party with proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service on August 20, 2024.

**<u>Via Certified Mail, Return Receipt Requested and Regular U.S. Mail</u>**
Andrew James Berry
2690 Encino Drive
Florence, SC 29505

**<u>Via Certified Mail, Return Receipt Requested and Regular U.S. Mail</u>**
AJB10, LLC
c/o United States Corporation
 Agents, Inc. Reg. Agent
6650 Rivers Avenue, Suite 200
North Charleston, SC 29406

**<u>Via Certified Mail, Return Receipt Requested and Regular U.S. Mail</u>**
Robbins Service Group, LLC
Attn: Michael Robbins, Reg. Agent
8226 Village Harbor Drive
Cornelius, NC 28031

**ESSEX RICHARDS, P.A.**

/s/ John C. Woodman
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
E-mail: jwoodman@essexrichards.com
*Attorney for the Trustee*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Western _____ District of North Carolina

In re ROBBINS SERVICE GROUP, LLC,
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                       v.
_____
                    Defendant

Case No. 23-40082

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: AJB10, LLC, c/o United States Corporation Agents, Inc., Reg. Agent, 6650 Rivers Ave., Ste. 200, North Charleston, SC 29406
AND  AJB10, LLC, Attn: Andrew J. Berry, 2121 W. Palmetto St., Ste. C, Florence, SC 29501

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME June 10, 2024 at 4:30 P.M. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

_____
        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/27/2024

                CLERK OF COURT

                                    OR

_____          _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., Attn: John C. Woodman, 1701 South Blvd., Charlotte, NC 28203; Telephone (704)377-4300; Fax: (704) 372-1357; Email: jwoodman@essexrichards.com .

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: AJB10, LLC, c/o United States Corporation

Agents, Inc., Reg. Agent, 6650 Rivers Avenue, Ste. 200, North Charleston, SC 29406  AND  AJB10, LLC, Attn: Andrew J. Berry, 2121 W.

Palmetto St., Ste. C, Florence, SC 29501 _____ on *(date)* May 27, 2024 _____ ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 5/27/2024

Server's signature

John C. Woodman, Attorney for Trustee
Printed name and title

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before June 10, 2024, AJB10, LLC shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

I.      "You" or "Your" shall refer to AJB10, LLC as well as any predecessor.

II.     "Berry" shall refer to Andrew Berry.

III.    "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

IV.     "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

V.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

IV.    "Insiders" shall refer to Roberta and Michael Robbins.

VII.    "Communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

## DOCUMENTS REQUESTED

1.  Any and all Documents furnished by the Debtor.

2.  Any and all Documents related to the Debtor.

3.  Any and all Documents related to the Affiliates.

4.  Any and all Documents related to the Insiders.

5.  Any and all Communications related to the Debtor.

6.  Any and all Communications related to the Affiliates.

7.  Any and all Communications related to the Insiders.

8.  A copy of your audit and due diligence file in determining what ERC amount you claimed for the Debtor.

9. A copy of your audit and due diligence file in determining what ERC amount, if any, you claimed for the Affiliates.

10. A copy of any Documents showing what you received as compensation from the Debtor or for the services you provided.

11. Any and all Communication between You and the Debtor or its representatives.

12. Any and all Communication between You and the Affilaites or its representatives.

13. Any and all Communication between You and the Insiders or its representatives.

14. Any and all Communication between Berry and the Debtor or its representatives.

15. Any and all Communication between Berry and the Affiliates or its representatives.

16. Any and all Communication between Berry and the Insiders or its representatives.

17. Any and all Communication received by You regarding the Debtor.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of North Carolina

In re   ROBBINS SERVICE GROUP, LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff
v.

_____
Defendant

Case No. 23-40082

Chapter 7

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Andrew James Berry, 2690 Encino Drive, Florence, SC 29505
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached.

| PLACE  Via email to jwoodman@essexrichards.com or U.S. Mail: John C. Woodman, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203 | DATE AND TIME  August 5, 2024 at 4:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/18/2024

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*        John C. Woodman, Attorney for Trustee

The name, address, email address, and telephone number of the attorney representing **William B. Lilly, Jr., Chapter 7 Trustee who issues or requests this subpoena is: Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203; Telephone (704)377-4300; Fax (704)372-1357; Email: jwoodman@essexrichards.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[X] I served the subpoena by delivering a copy to the named person as follows: Andrew James Berry,
____2690 Encino Drive, South Carolina  29505_____
_____ on *(date)* 7/18/2024_____ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/18/2024

_____
*Server's signature*

John C. Woodman, Attorney for Trustee
*Printed name and title*

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

On or before July 26, 2024, Andrew James Berry shall deliver to Essex Richards, P.A., 1701 South Boulevard, Charlotte NC 28203, the documents identified below:

## DEFINITIONS

I. "You" or "Your" shall refer to Andrew James Berry as well as any predecessor.

II. "Affiliates" refers to Blu Robbin Group, LLC, Robbins Media Group, LLC, EZ Tear Media, LLC, Mosquito Defense of LKN, LLC, and Whispering Pines Landscaping.

III. "Debtor" shall refer to Robbins Service Group, LLC, Bankr. W.D.N.C. Case No. 23-40082.

IV. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34 of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as example, this means all written or drafted matter of every kind and description, however produced or reproduced, however described, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, or recorded or stored on computer diskettes or hard drives, including any papers, writings, mechanical or electronic recordings or records, contracts, agreements, understandings, applications, financial statements, pay stubs, checks, invoices, purchase orders, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, films, notes (handwritten or otherwise), recorded recollections, transcripts, drawings, specifications, data, reports, printed matters, publications, books, news releases, advertisements, bulletins, circulars, computer discs, computer tapes, computer files, offers, binders, proposals, statements, lists, books of account, accounting records, audit reports, studies, working paper, credit applications, licenses, prospectuses, appointment books, diaries, time sheets, logs, in your

possession, your custody or under your control or of which you have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition. Summaries prepared for trial will not suffice. In addition to the foregoing, "document" specifically includes text or images stored in electronic form (e.g., electronic mail).

IV.    "Insiders" shall refer to Roberta and Michael Robbins.

VII.    "Communication" shall mean and include any oral or written expression, statement or utterance of any nature, and made by or to anyone, including without limitation, correspondence, conversations, agreements or other understandings between or among two or more persons.

## DOCUMENTS REQUESTED

1. Any and all Documents furnished by the Debtor.

2. Any and all Documents related to the Debtor.

3. Any and all Documents related to the Affiliates.

4. Any and all Documents related to the Insiders.

5. Any and all Communications related to the Debtor.

6. Any and all Communications related to the Affiliates.

7. Any and all Communications related to the Insiders.

8. A copy of your audit and due diligence file in determining what ERC amount you claimed for the Debtor.

9.  A copy of your audit and due diligence file in determining what ERC amount, if any, you claimed for the Affiliates.

10. A copy of any Documents showing what you received as compensation from the Debtor or for the services you provided.

11. Any and all Communication between You and the Debtor or its representatives.

12. Any and all Communication between You and the Affiliates or its representatives.

13. Any and all Communication between You and the Insiders or its representatives.

14. Any and all Communication between AJB10, LLC and the Debtor or its representatives.

15. Any and all Communication between AJB10, LLC and the Affiliates or its representatives.

16. Any and all Communication between AJB10, LLC and the Insiders or its representatives.

17. Any and all Communication received by You regarding the Debtor.



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____        Postmark
☐ Certified Mail Restricted Delivery $ _____       Here
☐ Adult Signature Required         $ _____        CAB
☐ Adult Signature Restricted Delivery $ _____      5/27/2024

Postage
$
Total Postage
$
Sent To

AJB10, LLC
c/o United States Corporation
   Agents, Inc., Registered Agent
6650 Rivers Avenue, Suite 200
North Charleston, SC 29406

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AJB10, LLC
c/o United States Corporation
   Agents, Inc., Registered Agent
6650 Rivers Avenue, Suite 200
North Charleston, SC 29406

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8489 3186 8547 54

2. Article Number *(Transfer from service label)*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                              ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
                                   8/31/24

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                  ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                  ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery              ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery ☒ Restricted Delivery
☐ Insured Mail                     Return Receipt Requested
☐ Insured Mail Restricted Delivery
   (over $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

**EXHIBIT**

**B**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

9589 0710 5270 1479 8161 20

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$

Total
$

Sent
City

July 18, 2024

Postmark
Here

Andrew James Berry
2690 Encino Dr.
Florence, SC 29505

Instructions

PS Form 3800, January

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew James Berry
2690 Encino Dr.
Florence, SC 29505

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8564 3186 0331 35

2. Article Number (Transfer from service label)
9589 0710 5270 1479 8161 20

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____        ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Return Receipt Requested

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt