FILED & JUDGMENT ENTERED
Christine F. Winchester

September 13 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **ROBBINS SERVICE GROUP, LLC** | ) | Case No. 23-40082 |
| | ) | Chapter 7 |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## ORDER GRANTING TRUSTEE'S MOTION TO COMPEL DOCUMENTS AND HOLD PARTY IN CONTEMPT

This cause came before the Court upon that certain motion entitled *TRUSTEE'S MOTION TO COMPEL RESPONSIVE DOCUMENTS, HOLD PARTY IN CONTEMPT AND FEES AND COSTS* (the "Motion") [Doc. 317 filed by the duly appointed chapter 7 trustee, William Lilly (the "Trustee") on August 20, 2024.  Appearing at the on September 9, 2024 was John C. Woodman for the Trustee.  The Trustee was present in the Courtroom.

Upon consideration of the contents of the Motion, counsel's statements at the hearing, the Court having jurisdiction to consider the Motion and the relief requested therein, no objections filed or raised during the hearing, for the reasons stated on the record and having reviewed the record in this case, the Court finds and concludes as follows:

1. Andrew Berry, individually, and as a representative of AJB10, LLC shall collectively be referred to as the "Berry Parties."

2. The Berry Parties prepared and furnished the Debtor's ERC request to the Internal Revenue Service.

3. On May 27, 2024, Trustee served upon AJB10, LLC that certain *Subpoena Duces Tecum* (the "Subpoena 1") seeking documents as it relates to the Debtor's ERC, and all records and data related to the Debtor used in applying for the ERTC.

4. Trustee filed *Notice of Service of Subpoena* on May 28, 2024 [Doc. No. 285].

5. On July 18, 2024, Trustee served upon Andrew Berry that certain *Subpoena Duces Tecum* (the "Subpoena 2") seeking documents as it relates to the Debtor's ERC, and all records and data related to the Debtor used in applying for the ERTC.

6. Trustee filed *Notice of Service of Subpoena* on July 18, 2024 [Doc. No. 310].

7. Trustee asserted that a true and accurate copy of the Subpoena 1 and Subpoena 2 were attached to the Motion as <u>Exhibit A.</u>

8. The Subpoenas sought responsive documents from the Berry Parties limited in scope to the ERC application, due diligence and work completed by the Berry Parties.

9. Subpoena 1 had a production date of June 10, 2024 with Subpoena 2 providing a deadline of August 5, 2024.

10. Notwithstanding the Berry Parties being properly served with the Subpoenas on May 27, 2024 (AJB10, LLC) and July 18, 2024 (Berry), respectively, the Berry Parties have failed to furnish a single document or communication.

11. Attached as Exhibit B to the Motion was the U.S. Postal Service green receipt cards.

12. The Berry Parties did not serve any objection to the Subpoenas pursuant to Bankruptcy Rule 9016(d)(2) nor have they moved to quash the Subpoenas pursuant to Bankruptcy Rule 9016(d)(3).

The Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties in interest, and after due deliberation and sufficient cause,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED:**

(i) that the Motion is **GRANTED** in full;

(ii) that Andrew Berry, individually, and as a representative of AJB10, LLC is hereby ordered to fully respond to and comply with the Requests on within thirty days from the entry of this Order;

(iii) that Andrew Berry, individually, and as a representative of AJB10, LLC, is hereby held in contempt of court;

(iv) that a compliance hearing on this Order will be conducted on **October 21, 2024 at 9:30 AM. Courtroom 2B** at the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina;

(v) that in order to purge, partially or wholly, Andrew Berry, individually, and as a representative of AJB10, LLC, is directed to appear in person at the compliance hearing on **October 21, 2024 at 9:30 AM. Courtroom 2B** at the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina and show cause as to why Andrew Berry, individually, and as a representative of AJB10, LLC, has failed to comply with responding to the Subpoena and/or Motion;

(vi) that at the compliance hearing, the Court will consider sanctions including but not limited to an award of attorney's fees, further civil contempt proceedings, and/or

entry of an order referring the matter to the United States District Court for the Western District of North Carolina; and

(vii)    that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.* | *United States Bankruptcy Court* |
|---|---|